UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JACQUES EDOUARD,

                                                       Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID L. BOWMAN, shield # 16034, POLICE OFFICER GREGORY GORDON, shield # 6976 , POLICE OFFICER ALBERT ROMANO, shield # 22490, POLICE OFFICER JOSEPH WERNERSBACH, shield # 6302, SERGEANT COLLEEN LEONARD, shield # 4226,

                                                    Defendants.

**FIRST AMENDED COMPLAINT**

09 CV 4271 (BMC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

       1.      This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and several New York City Police Officers.  Plaintiff alleges that, on August 25, 2009, New York City Police Officers, acting in concert, falsely arrested him and made false allegations about him to the Kings County District Attorney's Office in violation of the Fourth and Sixth Amendments to the United States Constitution.  Plaintiff also brings claims under state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false imprisonment, assault and battery.

4. A notice of claim was duly filed with the City of New York within 30 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has not made an offer to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Kings.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. David L. Bowman, Gregory Gordon, Albert Romano, Joseph Wernersbach, and Colleen Leonard are New York City Police Officers. The officers were assigned to the 70th Precinct when they arrested plaintiff. These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9. On August 25, 2009, at approximately 11:00 a.m., plaintiff was walking on Newkirk Avenue between Flatbush Avenue and East 23rd Street in Brooklyn.

10. Plaintiff was walking to a grocery store on the corner of Flatbush and Newkirk to purchase breakfast.

2

11. At all relevant times, plaintiff was obeying the law.

12. At the above time and place, Officer David L. Bowman, Officer Gregory Gordon, Officer Albert Romano, Officer Joseph Wernersbach, and Sergeant Colleen Leonard (collectively, the "officers") of the 70th Precinct pulled up in an unmarked vehicle.

13. One of the officers ordered plaintiff to freeze.

14. The officers exited the car and walked over to plaintiff.

15. Officer Bowman told plaintiff to place his hands on the wall and placed handcuffs on him.

16. Officer Bowman falsely stated to plaintiff that he matched the description of a suspect.

17. Officer Bowman then searched plaintiff's person without legal cause or plaintiff's consent.

18. Plaintiff told the officers that he was not the suspect that they were looking for and that he had not committed a crime.

19. Officer Bowman told plaintiff that he was being uncooperative.

20. Immediately thereafter, Officer Bowman and the other officers arrested plaintiff without probable cause.

21. Officer Bowman placed plaintiff into the rear of the car and took plaintiff to the 70th Precinct.

22. Upon entering the precinct, Officer Bowman brought plaintiff over to a desk officer.

23. Thereafter, Officer Bowman searched plaintiff without legal cause or plaintiff's consent and placed him in a cell.

3

24. Plaintiff was held in the precinct for several hours and no officer provided him with food or water.

25. While plaintiff was incarcerated in the precinct, Officer Bowman, in accordance with a conspiracy with the other arresting officers, prepared police reports which falsely stated that plaintiff had tampered with physical evidence by swallowing a marijuana cigarette when the officers first approached him on the street.

26. Officer Bowman, who was designated plaintiff's "arresting officer," never told plaintiff what he was being charged with.

27. In the evening of August 25, 2009, unidentified officers took plaintiff to Brooklyn Central Booking.

28. During the time that plaintiff was held in Brooklyn Central Booking, he was housed in approximately three cells, all of which were severely overcrowded, filled with garbage, infested with insects and rodents, and lacking beds and a useable toilet.

29. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Bowman, in accordance with a conspiracy with the other arresting officers, misrepresented to the Kings County District Attorney's Office that plaintiff had tampered with physical evidence by swallowing a marijuana cigarette when the officers first approached him on the street

30. Officer Bowman signed a criminal court complaint which set forth his false allegations.

31. In the morning of August 26, 2009, plaintiff was arraigned in New York City Criminal Court, Kings County.

32. The false charge filed against plaintiff was dismissed.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, and humiliation.

## FIRST CLAIM

### (FALSE ARREST AND FALSE IMPRISONMENT)

34. Plaintiff repeats the foregoing allegations.

35. Because defendants, acting in concert, arrested plaintiff without probable cause, as described herein, defendants are liable under the Fourth Amendment for false arrest and under state law for false imprisonment.

## SECOND CLAIM

### (ASSAULT)

36. Plaintiff repeats the foregoing allegations.

37. Because defendants, acting in concert, placed plaintiff in fear of offensive contact when they searched plaintiff's person without legal cause or plaintiff's consent, defendants are liable under state law for assault.

## THIRD CLAIM

### (BATTERY)

38. Plaintiff repeats the foregoing allegations.

39. Because defendants, acting in concert, touched plaintiff in an offensive manner when they searched plaintiff's person without legal cause or plaintiff's consent, defendants are liable under state law for battery.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE)

40. Plaintiff repeats the foregoing allegations.

41. Because Officer Bowman, pursuant to a conspiracy with the other arresting officers, conveyed false information to prosecutors in an effort to have plaintiff prosecuted, defendants are liable under the Sixth Amendment for fabrication of evidence.

## FIFTH CLAIM

### (MONELL V. DEPT. OF SOCIAL SERVICES)

42. Plaintiff repeats the foregoing allegations.

43. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

44. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

45. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

46. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

47. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

48. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Sixth Amendments.

## SIXTH CLAIM

### (RESPONDEAT SUPERIOR)

49. Plaintiff repeats the foregoing allegations.

50. Because the individual defendants were acting within the scope of their employment as New York City Police Officers when they arrested plaintiff without probable cause and searched him without legal cause or consent, the City of New York is vicariously liable under state law for false imprisonment, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as this Court may deem just and proper.

DATED: January 14, 2010
Brooklyn, New York

/s/
_____

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391